1
2
3
4
5
6                    IN THE UNITED STATES DISTRICT COURT
7                   FOR THE NORTHERN DISTRICT OF CALIFORNIA
8
9  ANTHONY L. TOTTEN,            )    No. C 07-05974 TEH (PR)
                                  )
10              Petitioner,       )    ORDER TO SHOW CAUSE
                                  )
11    vs.                         )
                                  )
12 SCOTT RAWERS, Warden,          )
                                  )
13              Respondent.       )
                                  )
14

15     On November 27, 2007, Petitioner, a California state prisoner, filed a pro se
16 petition for a writ of habeas corpus under 28 U.S.C. § 2254 challenging the California
17 Board of Parole Hearings' ("BPH") decision to deny him parole on August 2, 2006, while
18 he was housed at the Correctional Training Facility in Soledad, California. Petitioner has
19 paid the filing fee. This order directs Respondent to show cause why the petition should
20 not be granted.

21

22                              **BACKGROUND**
23     According to the petition, Petitioner was convicted in the Superior Court of the
24 State of California in and for the County of Orange of attempted murder with the use of a
25 firearm and sentenced to a term of seven years-to-life in state prison on January 3, 1992.
26     Petitioner has been found unsuitable for parole each time he has appeared before
27 the BPH. He specifically challenges the BPH's decision after his fourth parole
28 consideration hearing finding him not suitable for parole on August 2, 2006. Petitioner's

claims have been exhausted before the California Supreme Court, which denied Petitioner's state habeas petition on September 25, 2007.

## DISCUSSION

A. <u>Standard of Review</u>

This court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

It shall "award the writ or issue an order directing the Respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." <u>Id.</u> § 2243.

B. <u>Legal Claims</u>

Petitioner seeks federal habeas corpus relief from the BPH's decision finding him not suitable for parole on the grounds that the BPH based their decision on immutable factors in violation of due process. Liberally construed, Petitioner's claim appears colorable under § 2254 and merits an answer from Respondent. See <u>Biggs v. Terhune</u>, 334 F.3d 910, 914-15 (9th Cir. 2003) (finding that initial refusal to set parole date for prisoner with 15-to-life sentence implicated prisoner's liberty interest in release on parole which cannot be denied without adequate procedural due process protections).

## CONCLUSION

For the foregoing reasons and for good cause shown,

1. The Clerk shall serve by certified mail a copy of this order and the petition and all attachments thereto on Respondent and Respondent's attorney, the Attorney General of the State of California. The Clerk also shall serve a copy of this order on

2

1  Petitioner.

2      2.    Respondent shall file with the Court and serve on petitioner, **within sixty (60) days** of the issuance of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be issued. Respondent shall file with the answer and serve on petitioner a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.

      3.    If Petitioner wishes to respond to the answer, he shall do so by filing a traverse with the Court and serving it on Respondent **within thirty (30) days** of his receipt of the answer.

      4.    Petitioner is reminded that all communications with the Court must be served on Respondent by mailing a true copy of the document to Respondent's counsel. Petitioner must also keep the Court and all parties informed of any change of address.

SO ORDERED.

DATED:   03/27/08

THELTON E. HENDERSON  
United States District Judge