1 | EDMUND G. BROWN JR.
    Attorney General of the State of California
2 | DANE R. GILLETTE
    Chief Assistant Attorney General
3 | JULIE L. GARLAND
    Senior Assistant Attorney General
4 | JESSICA N. BLONIEN
    Supervising Deputy Attorney General
5 | DENISE A. YATES, State Bar No. 191073
    Deputy Attorney General
6 |   455 Golden Gate Avenue, Suite 11000
      San Francisco, CA 94102-7004
7 |   Telephone: (415) 703-5531
      Fax: (415) 703-5843
8 |   Email: Denise.Yates@doj.ca.gov
    Attorneys for Respondent J. Hartley, Acting Warden at
9 | Avenal State Prison
    SF2008401208

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| **ANTHONY L. TOTTEN,**<br><br>　　　　　　　　　Petitioner,<br><br>v.<br><br>**SCOTT RAWERS, WARDEN,**<br><br>　　　　　　　　　Respondent. | No. C 07-05974 THE (PR)<br><br>**ANSWER TO PETITION FOR WRIT OF HABEAS CORPUS; MEMORANDUM OF POINTS AND AUTHORITIES** |

As an Answer to the Petition for Writ of Habeas Corpus filed by inmate Anthony L. Totten, Respondent J. Hartley, Acting Warden at Avenal State Prison, admits, alleges, and denies that:

1. Anthony L. Totten (H-21049) is in the lawful custody of the California Department of Corrections and Rehabilitation following his December 3, 1991 conviction of attempted premeditated murder. (Pet., Ex. 1 at 1.) Totten is serving a sentence of life with the possibility of parole plus three years for an enhancement for inflicting great bodily injury pursuant to section 12022.7 of the California Penal Code. (Pet., Ex. 1 at 1.) The court stayed

sentencing on a firearm enhancement found true under section 12022.5 of the California Penal Code. (Pet. at 6.) In this Petition, Totten alleges that the Board of Parole Hearings's August 3, 2006 decision finding him unsuitable for parole violated his federal due process rights by continually relying on the nature of the crime; such reliance does not reflect that he is a current danger to public safety based on a preponderance of the evidence; and the Board failed to consider that Totten was under stress when he committed the life crime. (*See generally* Pet.) Totten does not appear to challenge the Board's separate decision denying him parole for two years. (*See generally* Pet.)

2.  In 2007, Totten filed a petition for writ of habeas corpus in the Superior Court of Orange County, generally alleging the same claims that he does in this Petition. (Ex. A.) The superior court denied the petition, and issued a reasoned decision finding that Totten had not stated a prima facie case for habeas relief. (Ex. B at 6.) Specifically, the superior court rejected Totten's contention that the appropriate standard of review should be "by a preponderance of the evidence" because the California Supreme Court had decided that "some evidence" was the appropriate standard of review. (Ex. B at 2.) In addition, the superior court found that some evidence supported "the Board's characterization of the [crime] as a cruel, callous, dispassionate, and calculated act." (Ex. B at 2.) The superior court also found that some evidence supported the Board's finding that Dr. Talbott's psychological report was not completely supportive of Totten's release on parole. (Ex. B at 3.) The superior court further found that the Board did not abuse its discretion by relying on the district attorney's opposition when denying Totten parole. (Ex. B at 4.) The superior court also rejected Totten's contention that he had already served his legislatively prescribed term of imprisonment; the superior court noted that Totten's sentence was for life unless he was found suitable for parole at an earlier time. (Ex. B at 5.) Finally, the superior court found that no evidence supported Totten's contention that the Board penalized him for not discussing the crime at the parole hearing. (Ex. B at 5.)

3.  Following the superior court's denial, Totten then generally alleged the same claims in a petition for writ of habeas corpus to the California Court of Appeal (Ex. C) and in a petition for review to the California Supreme Court (Ex. E). The petitions were summarily

1 denied. (Exs. D, F.)

2   4.   Respondent admits that Totten exhausted his state court remedies regarding his claims that the Board of Parole Hearings's August 3, 2006 decision finding him unsuitable for parole violated his federal due process rights by continually relying on the nature of the crime; such reliance does not reflect that he is a current danger to public safety based on a preponderance of the evidence; and the Board failed to consider that Totten was under stress when he committed the life crime. Respondent denies that Totten has exhausted his claims to the extent they are interpreted more broadly to encompass any systematic issues beyond these claims.

9   5.   Respondent admits that the Petition is timely under 28 U.S.C. § 2244(d)(1). Respondent admits that the Petition is not subject to any other procedural bar.

11   6.   Respondent denies that Totten is entitled to federal habeas relief under 28 U.S.C. § 2254 because the state court decisions were not contrary to, or an unreasonable application of, clearly established federal law as determined by the United States Supreme Court, or based on an unreasonable determination of the facts.

15   7.   Respondent denies that Totten has a federally protected liberty interest in parole and, therefore, alleges that he has not stated a federal question invoking this Court's jurisdiction. The Supreme Court of the United States has not clarified the methodology for determining whether a state has created a federally protected liberty interest in parole. *See Greenholtz v. Inmates of Neb. Penal & Corr. Complex*, 442 U.S. 1, 12 (1979) (liberty interest in conditional parole release date created by unique structure and language of state parole statute); *Sandin v. Connor*, 515 U.S. 472, 484 (1995) (federal liberty interest in correctional setting created only when issue creates an "atypical or significant hardship" compared with ordinary prison life); *Wilkinson v. Austin*, 545 U.S. 209, 229 (2005) (*Sandin* abrogated *Greenholtz's* methodology for establishing the liberty interest). California's parole statute does not contain mandatory language giving rise to a protected liberty interest in parole under the mandatory-language approach announced in *Greenholtz*. *In re Dannenberg*, 34 Cal. 4th 1061, 1087 (2005) (California's parole scheme is a two-step process that does not impose a mandatory duty to grant life inmates parole before a suitability finding). And continued confinement under an indeterminate life sentence

does not impose an "atypical or significant hardship" under *Sandin* because a parole denial does not alter an inmate's sentence, impose a new condition of confinement, or otherwise restrict his liberty while he serves his sentence. Thus, Respondent asserts that Totten does not have a federal liberty interest in parole under either *Greenholtz* or *Sandin*. Respondent acknowledges that in *Sass v. California Board of Prison Terms*, 461 F.3d 1123, 1128 (9th Cir. 2006) the Ninth Circuit held that California's parole statute creates a federal liberty interest in parole under the mandatory-language analysis of *Greenholtz*, but this issue is currently under review by an en banc panel of the Ninth Circuit. *Hayward v. Marshall*, 527 F.3d 797 (9th Cir. 2008).

8. Even if Totten has a federal liberty interest in parole, he received all due process to which he is entitled under clearly established federal law because he was provided with an opportunity to be heard and a statement of reasons for the Board's decision. *Greenholtz*, 442 U.S. at 16; (*e.g.*, Pet., Ex. 1 at 40, 42-44).

9. Respondent denies that the some-evidence test is clearly established federal law in the parole context.

10. Respondent denies that the Board's 2006 decision violated Totten's due process rights and reflects an arbitrary decision. Respondent also denies that clearly established United States Supreme Court law: prohibits the Board from continually relying on the nature of the crime or any unchanging factor when determining his parole suitability; establishes that an unchanging factor is not probative of the issue of current danger; and establishes that the Board's decision denying parole must be supported "by a preponderance of the evidence." Respondent further denies that the Board failed to consider all relevant, reliable evidence when determining Totten's suitability for parole, including whether Totten was under significant stress when he committed the life offense. Moreover, Respondent denies that Totten has served time beyond the legislatively prescribed punishment for his offense.

11. The superior court did not consider the Board's reliance on Totten's past substance abuse. (*Compare* Ex. B, *with* Pet., Ex. 1 at 43.) But this Court can still consider this factor because under AEDPA, this Court's review only addresses whether the state court's decision, as opposed to its reasoning, is an unreasonable application of federal Supreme Court

law. *Hernandez v. Small*, 282 F.3d 1132, 1140 (9th Cir. 2002) (determining in habeas proceedings that "the intricacies of the state court's analysis need not concern us; what matters is whether the *decision* the court reached was contrary to controlling federal law").

12. Respondent submits that an evidentiary hearing is not necessary because the claims can be resolved on the existing state court record. *Baja v. Ducharme*, 187 F.3d 1075, 1078 (9th Cir. 1999).

13. Respondent denies that Totten is entitled to release. The remedy is limited to the process that is due, which is a new hearing by the Board comporting with due process. *See Benny v. U.S. Parole Comm'n*, 295 F.3d 977, 984-85 (9th Cir. 2002) (a liberty interest in parole is limited by the Board's exercise of discretion, and a due process error does not entitle an inmate to a favorable parole decision).

14. Totten fails to state or establish any grounds for habeas corpus relief.

15. Except as expressly admitted in this Answer, Respondent denies the allegations of the Petition.

## MEMORANDUM OF POINTS AND AUTHORITIES

## INTRODUCTION

Totten contends that the Board's 2006 decision finding him unsuitable for parole violated his due process rights. But Totten merely alleges a disagreement with the Board's decision, and fails to establish that the state court decisions denying his due process claims are contrary to, or an unreasonable application of, clearly established federal law as determined by the United States Supreme Court, or were based on an unreasonable determination of the facts. Thus, there are no grounds for federal habeas relief. Accordingly, this Court should deny the Petition.

## ARGUMENT

## I.

**TOTTEN HAS NOT SHOWN THAT HE IS ENTITLED TO RELIEF UNDER AEDPA.**

Under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) a federal court may not grant a writ of habeas corpus unless the state court's adjudication was either: 1)

Answer to Pet. for Writ of Habeas Corpus; Mem. of P. & A.

*Totten v. Rawers*
No. C 07--05974 TEH (PR)

"contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States;" or 2) "based on an unreasonable determination of the facts in light of the evidence presented at the State Court proceeding." 28 U.S.C. § 2254(d)(1-2) (2000). Totten has not demonstrated that he is entitled to relief under this standard.

### A. Totten Has Not Shown that the State Court Decisions Were Contrary to Clearly Established Federal Law.

As a threshold matter, the Court must decide what, if any, "clearly established Federal law" applies. *Lockyer v. Andrade*, 538 U.S. 63, 71 (2003). In making this determination, the Court may look only to the holdings of the United States Supreme Court governing at the time of the state court's adjudication. *Carey v. Musladin*, 549 U.S. 70, 127 S. Ct. 649, 653 (quoting *Williams v. Taylor*, 529 U.S. 362 (2000)). The only case in which the Supreme Court has addressed the process due in state parole proceedings is *Greenholtz*. *Greenholtz*, 442 U.S. 1. The Supreme Court there held that due process is satisfied when the state provides an inmate an opportunity to be heard and a statement of the reasons for the parole decision. *Id.* at 16. "The Constitution does not require more." *Id.*[1] No other Supreme Court holdings require more at a parole hearing.

Totten does not contest that he received the *Greenholtz* protections. (*See generally* Pet.) Because *Greenholtz* was satisfied and *Greenholtz* is the only Supreme Court authority regarding an inmate's due process rights during parole proceedings, the state court decision upholding the Board's decision was not contrary to clearly established federal law. Thus, the Petition should be denied.

Although Totten alleges that the Board's decision must be supported by more than some evidence, there is no clearly established federal law applying even the minimal some-evidence

---

1. The Supreme Court has cited *Greenholtz* approvingly for the proposition that the "level of process due for inmates being considered for release on parole includes an opportunity to be heard and notice of any adverse decision" and noted that, although *Sandin* abrogated *Greenholtz's* methodology for establishing the liberty interest, *Greenholtz* remained "instructive for [its] discussion of the appropriate level of procedural safeguards." *Austin*, 545 U.S. at 229.

standard to parole decisions. The Supreme Court has held that under AEDPA a test announced in one context is not clearly established federal law when applied to another context. *Wright v. Van Patten*, ___U.S.___ 128 S. Ct. 743, 746-47 (2008); *Schriro v. Landrigan*, ___U.S.___, 127 S. Ct. 1933 (2007); *Musladin*, 127 S. Ct. at 652-54; *see also Foote v. Del Papa*, 492 F.3d 1026, 1029 (9th Cir. 2007); *Crater v. Galaza*, 491 F.3d 1119, 1122 (9th Cir. 2007); *Nguyen v. Garcia*, 477 F.3d 716, 718, 727 (9th Cir. 2007). The Supreme Court developed the some-evidence standard in the context of a prison disciplinary hearing, *Superintendent v. Hill*, 472 U.S. 445, 457 (1985), which is a fundamentally different context than a parole proceeding. Because the tests and standards developed by the Supreme Court in one context cannot be transferred to distinguishable factual circumstances for AEDPA purposes, it is not appropriate to apply the some-evidence standard of judicial review to parole decisions.

While the Ninth Circuit has applied the some-evidence standard to parole decisions, this is improper under AEDPA, and the issue is currently pending before an en banc panel of the Ninth Circuit. *Hayward*, 527 F.3d 797. AEDPA does not permit relief based on circuit caselaw. *Crater*, 491 F.3d at 1123, 1126 (§ 2254(d)(1) renders decisions by lower courts non-dispositive for habeas appeals); *Earp v. Ornoski*, 431 F.3d 1158, 1182 (9th Cir. 2005) ("Circuit court precedent is relevant only to the extent it clarifies what constitutes clearly established law.") (citing *Duhaime v. Ducharme*, 200 F.3d 597, 600-01 (9th Cir. 2000) ("Ninth Circuit precedent derived from an extension of a Supreme Court decision is not 'clearly established federal law as determined by the Supreme Court.'")). Therefore, the Ninth Circuit's use of the some-evidence standard is not clearly established federal law and is not binding on this Court. *See, e.g., Irons v. Carey*, 505 F.3d 846, 851 (9th Cir. 2007); *Sass*, 461 F.3d at 1128; *Biggs v. Terhune*, 334 F.3d 910 (9th Cir. 2003).

Similarly, Totten's claim that the Board's reliance on the immutable factor of his commitment offense violates due process finds no support in Supreme Court precedent. Although the Ninth Circuit has suggested that this might amount to an additional due process claim, *Biggs*, 334 F.3d at 917, federal habeas relief is not available because there is no clearly established federal law precluding reliance on unchanging factors. 28 U.S.C. § 2254(d).

In sum, the only clearly established federal law setting forth the process due in the parole context is *Greenholtz*. Totten does not allege that he failed to receive these protections. Therefore, Totten has not shown that the state court decisions denying habeas relief were contrary to clearly established federal law.

### B. Totten Has Not Shown that the State Courts Unreasonably Applied Clearly Established Federal Law.

Habeas relief may only be granted based on AEDPA's unreasonable-application clause where the state court identifies the correct governing legal rule from Supreme Court cases but unreasonably applies it to the facts of the particular state case. *Williams*, 529 U.S. at 406. The petitioner must do more than merely establish that the state court was wrong or erroneous. *Id.* at 410; *Lockyer*, 538 U.S. at 75. Respondent recognizes that the Ninth Circuit applies the some-evidence standard as clearly established federal law, but even accepting that premise, Totten is not entitled to federal habeas relief. Indeed, the California Supreme Court has adopted *Hill*'s some-evidence test as the judicial standard to be used in evaluating parole decisions, *In re Rosenkrantz*, 29 Cal. 4th 616 (2002), and Totten has not shown that the state courts unreasonably applied the standard.

Looking through to the last reasoned state court decision, *Ylst v Nunnemaker*, 501 US 797, 804-06 (1991), the superior court properly concluded that some evidence in the record supported the Board's finding that Totten was unsuitable for parole, the commitment offense was a cruel, callous, dispassionate, and calculated act, his most recent psychological report was not completely supportive of Totten's release, and the Board properly relied on the district attorney's opposition to Totten's parole release. (Ex. B at 1-4.) Totten has not shown that the state court unreasonably applied the some-evidence standard of *Superintendent v. Hill*, 472 U.S. 445, 454-57. Rather, Totten is requesting is that his Court re-weigh his suitability, and this has no basis in federal law. *Hill*, 472 U.S. at 455.

### C. Totten Has Not Shown that the State Court Decisions Were Based on an Unreasonable Determination of the Facts.

Under § 2254(d)(2), habeas corpus can not be granted unless the state courts' decisions

Answer to Pet. for Writ of Habeas Corpus; Mem. of P. & A.                                     *Totten v. Rawers*
                                                                                              No. C 07--05974 TEH (PR)

8

were based on an unreasonable determination of the facts in light of the evidence presented in the state court. The state court's factual determinations are presumed to be correct, and the petitioner has the burden of rebutting that presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

Although Totten alleges that the Board did not consider all relevant, reliable evidence, he does not show that the state court made factual errors. The superior court found that "an adequate evidentiary basis" supported the Board's reliance on the commitment offense, the psychological report, and the district attorney's opposition. (Ex. B at 2.) Specifically, the superior court recounted the tumultuous marital relationship between Totten and the victim, resulting in their separation:

> Totten had harassed the victim and threatened to kill her on multiple occasions. As a result, the victim, who was five months pregnant, secured a restraining order to protect her from [Totten].
>
> On October 30, 1990, [Totten] confronted his estranged wife outside a Kaiser Permanente Medical Center. [Totten] was carrying a long white box purportedly containing a birthday gift for the couple's daughter. Unbeknownst to the victim, the box contained a loaded rifle. [Totten] convinced the victim to give him a ride to another part of the Kaiser facility where [Totten] was supposedly working. While inside the victim's vehicle, [Totten] produced the loaded rifle. An altercation ensued leading to the firing of two shots one of which struck [Totten] in the leg. The victim exited the vehicle running towards the medical building. [Totten] caught up to the victim shooting her in the back of the head. [Totten] nudged the wounded victim with his foot prior to fleeing the scene. The victim survived the attack but suffered a broken jaw and permanent hearing loss in her left ear.

(Ex. B at 2-3.)

The superior court also found that Dr. Talbott's psychological report was not entirely supportive of Totten's release because Dr. Talbott "essentially found that [Totten] has limited insight on the effect of his crime and opines that it is presently unclear whether [Totten] can be safely released on parole." (Ex. B at 3.) Moreover, the superior court noted that Dr. Talbott "concludes by essentially stating that further progress must be achieved before it is reasonable for [Totten] to be released on parole." (Ex. B at 3.)

Further, the superior court noted that under California Penal Code sections 3041.7 and 3046(c), the Board properly relied on the district attorney's opposition to Totten's release when

1 denying him parole. (Ex. B at 3.)

2     Finally, the superior court noted that the Board considered Totten's favorable prison record and behavior, and his parole plans, and properly concluded that they did not outweigh the circumstances establishing unsuitability for parole. (Ex. B at 4.) Totten has not alleged by clear and convincing evidence that the superior court's factual determinations are incorrect. Accordingly, the superior court properly concluded that some evidence supported the Board's findings about Totten's commitment offense, the psychological evaluation, and the district attorney's opposition. (Ex. B at 1-4.) Totten's disagreement reflects the weight the Board assigned to the evidence, but this disagreement does not entitle Totten to federal habeas relief. *Hill*, 472 U.S. at 455.

## CONCLUSION

Totten has not demonstrated that the state court decisions denying habeas relief were contrary to, or an unreasonable application of, United States Supreme Court authority, or were based on an unreasonable determination of the facts. Thus, this Court should deny the Petition.

Dated: July 25, 2008

    Respectfully submitted,

    EDMUND G. BROWN JR.
    Attorney General of the State of California

    DANE R. GILLETTE
    Chief Assistant Attorney General

    JULIE L. GARLAND
    Senior Assistant Attorney General

    JESSICA N. BLONIEN
    Supervising Deputy Attorney General

    */s/ Denise A. Yates*

    DENISE A. YATES
    Deputy Attorney General

    Attorneys for Respondent J. Hartley, Acting Warden at Avenal State Prison

# DECLARATION OF SERVICE BY U.S. MAIL

Case Name:   **Totten v. Rawers**

No.:   **C 07-05974 TEH**

I declare:

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar, at which member's direction this service is made. I am 18 years of age or older and not a party to this matter. I am familiar with the business practice at the Office of the Attorney General for collection and processing of correspondence for mailing with the United States Postal Service. In accordance with that practice, correspondence placed in the internal mail collection system at the Office of the Attorney General is deposited with the United States Postal Service that same day in the ordinary course of business.

On **July 25, 2008**, I served the attached

### ANSWER TO PETITION FOR WRIT OF HABEAS CORPUS; MEMORANDUM OF POINTS AND AUTHORITIES

by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, in the internal mail collection system at the Office of the Attorney General at 455 Golden Gate Avenue, Suite 11000, San Francisco, CA 94102-7004, addressed as follows:

**Anthony Totten, H-21049**
**Avenal State Prison**
**P.O. Box 9**
**1 Kings Way**
**Avenal, CA 93204**
In Pro Per

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on **July 25, 2008**, at San Francisco, California.

```
        J. Palomino                              /s/ J. Palomino
        Declarant                                   Signature
```

20128266.wpd