# EXHIBIT B

FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF ORANGE
CENTRAL JUSTICE CENTER
MAY 14 2007
ALAN SLATER, Clerk of the Court
BY _____, DEPUTY

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF ORANGE

In re ANTHONY LEE TOTTEN,  ) Orange County Superior Court
                           ) Case Number: M-11277
Petitioner,                ) (C-82571)
                           )
                           ) **ORDER DENYING**
ON HABEAS CORPUS           ) **HABEAS CORPUS**
_____)

**TO THE OFFICE OF THE ORANGE COUNTY DISTRICT ATTORNEY AND PETITIONER:**

HAVING REVIEWED THE ABOVE CAPTIONED PETITION FOR WRIT OF HABEAS CORPUS, THE COURT MAKES THE FOLLOWING ORDER:

I.

Petitioner is serving an indeterminate term of life in state prison with the possibility of parole following his 1992 conviction for attempted premeditated murder of his estranged wife [Pen. Code, § 664/§ 187] committed through the personal use of a firearm [Pen. Code, § 12022.5(a)] and resulting in the infliction of great bodily injury [Pen. Code, § 12022.7].

On August 3, 2006, the California Board of Parole Hearings found petitioner unsuitable for parole following a subsequent parole consideration hearing. The Board determined that:

A. The commitment offense was carried out in an especially cruel, callous, dispassionate, and calculated manner;

B. Petitioner's most recent psychological evaluation is not completely supportive of his release on parole; and

1

C.  Opposition to parole was expressed by the Orange County District Attorney's Office.

II.

Petitioner seeks to vacate the Board of Parole Hearings adverse decision claiming the Board violated his right to due process by finding him unsuitable for parole where there is no reliable evidence petitioner constitutes a current risk to public safety if released on parole.

III.

Preliminarily, the Court rejects petitioner's suggestion that the appropriate standard of review should be by a preponderance of the evidence. Administrative decisions on parole suitability made by the Board of Parole Hearings are subject to limited judicial review under the some evidence standard of review. (*In re Rosenkrantz* (2002) 29 Cal.4th 616, 654.) This Court, as are all courts in this state, is bound by the law as established by the California Supreme Court on this issue. (*Auto Equity Sales, Inc. v. Superior Court* (1962) 57 Cal.2d 450, 455.)

The petition does not set forth a meritorious basis for habeas corpus relief. The available record contains an adequate evidentiary basis for each of the Board's three findings. The circumstances of the commitment offense justify the Board's characterization of the same as a cruel, callous, dispassionate, and calculated act. (See, Pen. Code, § 3041(b); Cal. Code of Regs., tit. 15, § 2402(b) and (c)(1)(B)(D).)

In 1990, petitioner and the victim had a tumultuous marital relationship and had been separated for several months. Petitioner harassed the victim and threatened to kill

her on multiple occasions. As a result, the victim, who was five months pregnant, secured a restraining order to protect her from petitioner.

On October 30, 1990, petitioner confronted his estranged wife outside a Kaiser Permanente Medical Center. Petitioner was carrying a long white box purportedly containing a birthday gift for the couple's daughter. Unbeknownst to the victim, the box contained a loaded rifle. Petitioner convinced the victim to give him a ride to another part of the Kaiser facility where petitioner was supposedly working. While inside the victim's vehicle, petitioner produced the loaded rifle. An altercation ensued leading to the firing of two shots one of which struck petitioner in the leg. The victim exited the vehicle running towards the medical building. Petitioner caught up to the victim shooting her in the back of the head. Petitioner nudged the wounded victim with his foot prior to fleeing the scene. The victim survived the attack but suffered a broken jaw and permanent hearing loss in her left ear.

In addition to the circumstances of the commitment offense, the Board reasonably relied on petitioner's most recent psychological assessment to find him unsuitable for parole. Though petitioner does not suffer from a mental disorder and his abuse of methamphetamine is in institutional remission, Dr. R. Talbott essentially found that petitioner has limited insight on the effect of his crime and opines that it is presently unclear whether petitioner can be safely released on parole. The doctor concludes by essentially stating that further progress must be achieved before it is reasonable for petitioner to be released on parole. In view of this information, the Board did not abuse its discretion by concluding that Dr. Talbott's assessment is not completely supportive of his release on parole.

An abuse of discretion is also not evident in the Board's decision to cite the Orange County District Attorney's opposition to petitioner's release on parole as a basis for its determination. The Board is statutorily required to consider the views of the People's representative when evaluating the parole suitability of a particular inmate. (See, Pen. Code § 3041.7; § 3046(c).)

The Board recognized petitioner for his favorable institutional record that includes no misconduct, extensive educational/vocational programming, and realistic parole plans. Nevertheless, the Board concluded that petitioner's favorable prison record did not outweigh those circumstances establishing unsuitability for release on parole. The record reflects consideration of petitioner's eligibility for parole and an adequate evidentiary foundation for the Board's decision. No abuse of discretion is established.

In reviewing a parole suitability determination made by the Board of Parole Hearings, a court views the record in the light most favorable to that determination. (See, *In re Morrall* (2002) 102 Cal.App.4th 280, 301.)

Courts may review the factual basis of a decision of the Board denying parole in order to ensure that the decision complies with due process of law. However, courts may only inquire whether some evidence in the record before the Board supports the decision to deny parole, based upon the factors specified by statute and regulation. (*In re Rosenkrantz, supra,* 29 Cal.4th at 658.)

The precise manner in which the specified factors relevant to parole suitability are considered and balanced lies within the discretion of the Board of Parole Hearings, but the decision must reflect an individualized consideration of the specified criteria and cannot be arbitrary or capricious. It is irrelevant that a court might determine that the

evidence in the record tending to establish suitability for parole far outweighs evidence demonstrating unsuitability for parole. As long as the decision reflects due consideration of the specified factors as applied to the individual prisoner in accordance with applicable legal standards, the court's review is limited to ascertaining whether there is some evidence in the record that supports the decision. (*In re Rosenkrantz, supra,* 29 Cal.4th at 677.)

IV.

To the extent petitioner contends that he has already served the legislatively prescribed term of imprisonment for his offense, such contention is without merit. An indeterminate sentence is in legal effect a sentence for the maximum term of life (*People v. Dyer* (1969) 269 Cal.App.2d 209, 214.) unless an inmate is found suitable for parole at an earlier point in time.

Equally without merit is petitioner's suggestion that inmates such as him are improperly penalized for declining to discuss the commitment offense with the parole board as a result of an underground policy to uniformly deny parole to such inmates. Petitioner cites no concrete evidence to support his conclusory claim. More importantly, the record of petitioner's own hearing does not reveal any evidence supporting the notion that petitioner was found unsuitable for parole based on petitioner's decision not to discuss the commitment offense with the Board.

5

V.

No prima facie case for relief is established. An order to show cause will issue only if petitioner has established a prima facie case for relief on habeas corpus. (*People v. Romero* (1994) 8 Cal.4th 728, 737; *In re Clark* (1993) 5 Cal.4th 750, 769, fn. 9.)

The petition for writ of habeas corpus is DENIED.

Dated: 5/14/07

_____
Judge of the Superior Court